UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FISERV, INC.,**

    *Plaintiff*,

**v.**

**TERRENCE MONAHAN**,

    *Defendant*.

_____/

Case No.: 12-CV-15455

Hon.: Stephen J. Murphy III

**VAN SUILICHEM & ASSOCIATES, P.C.**
By: Donald A. Van Suilichem (P25632)
and Kelly A. Van Suilichem (P69902)
Attorneys for Defendant
40900 Woodward Avenue
Suite 105
Bloomfield Hills, MI 48304
Telephone: (248) 644-2419
Fax: (248) 644-3963
dvslawyer@dvsemploymentlaw.com
kelly.van@kvslaw.com

**BRYAN CAVE LLP**
By: Charles B. Jellinek
Kimberly A. Mohr
Laura J. Spencer
Attorneys for Plaintiff
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Telephone.: (314) 259-2000
Fax: (314) 259-2020
cbjellinek@bryancave.com
Kimberly.mohr@bryancave.com
Laura.spencer@bryancave.com

**DYKEMA GOSSETT PLLC**
By: Patrick F. Hickey (P36648)
Lauren M. Phillips (P74102)
Attorneys for Plaintiff
400 Renaissance Center
Detroit, MI 48243
Telephone: (313) 568-6800
phickey@dykema.com

## MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

NOW COMES Defendant Terrence Monahan, by and through his attorneys, Van Suilichem & Associates, P.C. and moves this Court to Compel Arbitration and Stay Proceedings and in support of this Motion states as follows:

1

568.002:DVS:PLS:38482-Motion to Compel Arbitration (12-21-12)

1.     Defendant Monahan brings this Motion under Section 4 of the Federal Arbitration Act, 9 U.S.C. §4 whereby a party may apply to a federal court "for an order directing that such arbitration proceed in the manner provided for in such agreement."

2.     Plaintiff Fiserv and Defendant Terry Monahan are parties to a Sales and Bonus Compensation Plan, dated August 11, 2011 and amended August 31, 2011.

3.     Plaintiff Fiserv alleges that Monahan has breached restrictive covenants contained therein. (Count V).

4.     Plaintiff alleges similar breaches of restrictive covenants contained in the other Stock Agreements. (Counts I to IV).

5.     Paragraph 23 of the Sales and Bonus Compensation Plan, dated August 11, 2011, and amended August 23, 20122, requires "all disputes between the participant and Fiserv arising out of these General Terms and/or the Plan shall be settled by binding arbitration." (Complaint Ex. H).

6.     Paragraph 1 of the Agreement, as revised, provides that this document outlines the general terms and conditions that are applicable to "any sales or bonus compensation plan implemented by the Global Sales Organization (each a "Plan"). By the express language of Paragraph 1, its terms apply to a broader group of Plans involving sales and bonus plans.

7.     The 2008 Restricted Stock Agreement (Complaint Exhibit "A"), the 20110 Restricted Stock Award as part of the 2007 Omnibus Incentive Plan (Complaint Exhibit "C"), the 2011 Restricted Stock Award as part of the 2007 Omnibus Incentive Plan (Complaint Exhibit "E"), the 2012 Restricted Stock Unit Agreement as part of the 2007 Omnibus Incentive Plan (Complaint Exhibit "G") were all presented to Monahan as part of the sales and bonus compensation plans

and are not specifically excluded by the Sales and Bonus Compensation Plan, dated August 11, 2011, and amended August 23, 20122.

8. The scope of Paragraph 1 of the Sales and Bonus Compensation Plan, dated August 11, 2011, and amended August 23, 2011, if disputed by Fiserv, is a matter within the jurisdiction of the Arbitrator.

9. The only exception from binding arbitration is for Fiserv's right to enforce the covenants of section 21, regarding proprietary and confidential information. The non-compete provisions upon which Fiserv relies are contained in Paragraph 22 of the Agreement as revised and are subject to arbitration.

10. Fiserv's litigation seeks to enforce its rights under section 22, regarding non-compete and non-disclosure.

11. The parties have agreed to binding arbitration as the means of resolving the issues contained in the Complaint and this case should be stayed and all issues resolved by an Arbitrator through binding arbitration in accordance with Paragraph 23 of the Agreement.

12. On December 21, 2012, Monahan served on counsel for Fiserv his demand for all claims to be submitted to arbitration. [**Exhibit 1**].

13. As required by LR 7.1, on December 21, 2012, Defendant Terrence Monahan's attorney explained the nature of the Motion and its legal basis and requested but did not obtain concurrence in the relief sought from Plaintiff's counsel.

WHEREFORE, Terrence Monahan requests this Honorable Court dismiss the Complaint and compel arbitration on all claims raised by Fiserv.

*Motion to Compel Arbitration – Continued*

                                    Respectfully Submitted,

                                    **VAN SUILICHEM & ASSOCIATES, P.C.**

                                    By:   s/Donald A. Van Suilichem
                                         **Donald A. Van Suilichem (P25632)**
                                    **and Kelly A. Van Suilichem (P69902)**
                                    Attorneys for Defendant
                                    40900 Woodward Avenue, Suite 105
                                    Bloomfield Hills, Michigan  48304
                                    Telephone:  (248) 644-2132
                                    Fax:  (248) 644-3963
                                    dvslawyer@dvsemploymentlaw.com
                                    kelly.van@kvslaw.com

Dated:  December 21, 2012

568.002:DVS:PLS:38482-Motion to Compel Arbitration (12-21-12)

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL ARBITRATION AND STAY PROCEEDINGS**

**I.     Counsel For Fiserv Admits It Violated Its Contract By Including Count V.**

Counsel for Fiserv readily admits that they knew at the time of the filing of this Complaint that they were violating the terms of the Sales and Bonus Compensation Plan, dated August 11, 2011, and amended August 23, 2011, by including Count V in the Complaint, and yet, chose to go ahead with their own contract violation[1]:

> Please note that we have included a claim for breach of the Sales Equity Plan Agreement in the Verified Complaint (Count V).  Although Mr. Monahan's Sales Equity Plan Agreement contains an arbitration provision, we have included this Count in the Complaint because the arbitration provision is subject to waiver, and it would seem most efficient and economical for all parties to all litigate claims under all the agreements in a single forum.[2]

The justification offered from St. Louis, Missouri based Attorney Mohr for this violation, is her assertion that Monahan can always waive arbitration.  To this day, Monahan has never waived arbitration.  Despite this fact, Fiserv arrogantly decided to violate its own contract by filing suit in federal court and their sole excuse is that they will dismiss Count V if that is the desire of Monahan.  Well this is the desire of Monahan.  The Agreement to honor the contract to arbitrate goes much further, however, than just dismissing Count V, but also includes the obligation to arbitrate Counts I through Count IV of the Complaint, in other words, all claims made in the lawsuit.

**II.    The Arbitrator Is Given Broad Authority To Decide All Issues.**

Article 23 of the Sales and Bonus Compensation Plan, dated August 11, 2011, and amended August 23, 2011, contains a very broad grant of jurisdiction to the Arbitrator to

---

[1] To the knowledge of Monahan, Fiserv has never submitted any issue to the AAA as they were required to under their contract.
[2] Attorney Kimberly Mohr's e-mail dated December 13, 2012 is attached as **Exhibit 2**.

1

"resolve any and all disputes between the participant and Fiserv arising out of these General Terms and/or the Plan" and requires that these issues "shall be settled by binding arbitration in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association (the "AAA"), as modified by applicable law and the terms of the Plan." Article 23 further provides that "The claims covered by this provision include without limitation any claim arising out of a breach or alleged breach of this Plan, including, but not limited to claims for payment." Fiserv even went so far in writing this contract to grant to the Arbitrator, in effect, <u>all</u> of the powers of a court:

> The arbitrator shall have the authority to resolve all portions of the dispute through a summary judgment motion and/or related proceedings. The arbitrator shall have the authority to order all remedies that would be available to the parties if the dispute between them were litigated in state court, or if applicable, in federal court.

Paragraph 23 does not provide for a court to decide what issues are resolved by arbitration or whether any claims are within the scope of arbitration. Rather, Fiserv decided when writing this unilateral contract to grant to the arbitrator <u>all</u> rights of a court including "all portions" of the dispute. Deciding what issues are covered by the arbitration agreement clearly includes all portions of the suit.

      The issue of who should decide if an issue is arbitrable has been a matter of great dispute in the courts and has even made its way to the United States Supreme Court. At issue is whether the court or the arbitrator makes the initial determination of arbitration and the scope of the claims. In *Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772 (2010), the Supreme Court waded into this dispute holding that the parties can agree by contract to delegate to the arbitrator "gateway" questions of arbitrability. First, the Court continued to recognize that the parties may agree to resolve gateway questions of arbitrability including whether their agreement covers a particular controversy. 130 S. Ct. at 2777. While the language in the Agreement at issue is

2

different from the language in *Rent-A-Center*, Fiserv has, in fact, gone above and beyond the delegation of authority language relied upon by the Supreme Court and has granted to the arbitrator **ALL** of the powers of a court.  One of those powers of a court is the ability for a court to decide if the matter is arbitrable.  Here, Fiserv, by specific contract provision in paragraph 23 of the Agreement, granted to the arbitrator the power to decide all issue and as with a court, this includes the right to decide the scope of arbitration.

### III. The Scope Of The Contractual Arbitration Agreement Includes All Bonus And Incentive Plans.

The five counts of the lawsuit filed by Fiserv against Monahan all derive out of a singular claim that Monahan allegedly violated a series of non-compete provisions as a result of his new employment with Jack Henry.  The facts to support this single assertion are identical, the witnesses are the same and the damages are the same.[3]  The only difference is that under Fiserv's opinion, they get to have two bites at the apple.  They claim that they can go to court and also claim that they can sue under the arbitration clause for the same violation.  Their Agreement, however, states that they can only exclude from arbitration claims Paragraph 21 of the Agreement (Complaint Exhibit "H") for disclosure of the terms of "These General Terms and all Plans and related documents…"  This lawsuit does not allege a violation of Paragraph 21.[4]  So as a preliminary matter, it is clear that the Parties have agreed to submit all claims to arbitration.  The inquiry thus turns to whether all the incentive and bonus agreements fall under Paragraph 23

---

[3] This is not a case where an issue exists as to whether unrelated agreements fall under an agreement to arbitrate.  Here there is a singular issue; did Monahan violate the non-compete agreements with Fiserv?  A singular question answerable by a single decision binding on all contracts.

[4] Fiserv may argue that there was a typographical error in the Agreement in Paragraph 23 where it refers to Paragraph 21 instead of the non-compete paragraph 22, but this Court will be quick to note that Paragraph 22 was in fact amended by Fiserv to change the reference to Paragraph 21 to Paragraph 22.  Fiserv failed, however to make a similar change to paragraph 23.  Did the same error occur when Fiserv first wrote Paragraph 22 **and** when it amended it?  Perhaps, but Fiserv wrote the unilateral Agreement and has to live with the language.  Besides, Fiserv had the right to exclude Paragraph 21 from arbitration so the language of Paragraph 23 is not meaningless.

of the Sales and Bonus Compensation Plan, dated August 11, 2011, and amended August 23, 2011.

First it should be noted that the 2008 Restricted Stock Agreement (Complaint Exhibit "A"), the 2010 Restricted Stock Award as part of the 2007 Omnibus Incentive Plan (Complaint Exhibit "C"), the 2011 Restricted Stock Award as part of the 2007 Omnibus Incentive Plan (Complaint Exhibit "E"), and the 2012 Restricted Stock Unit Agreement as part of the 2007 Omnibus Incentive Plan (Complaint Exhibit "G") do not contain a specific provision for arbitration. The source of the obligation, however, derives from the Paragraph 1 of the Sales and Bonus Compensation Plan, dated August 11, 2011, and amended August 23, 2011. [Exhibit "H"]. For purposes of this argument, we will refer to this Agreement as the "incorporation" contract. Here again, Exhibit "H" was solely written by Fiserv. In Paragraph 1, "Scope", the reader is first advised that this document "outlines the general terms and conditions (the "General Terms") that are applicable to **any sales or bonus compensation plan** . . ." As a multi-billion dollar company, it must be presumed that Fiserv chose its words carefully. If the Agreement was only to govern this specific Plan, all that Fiserv had to do was to state that "this document shall govern the terms of this plan". But instead, Fiserv chose to have its terms apply to any sales and bonus plan. By its very language, the General terms of Exhibit H are meant to apply not only to this plan but all other sales or bonus compensation plan implemented by the Global Sales Organization. Fiserv could have been more specific by referring to any other included plan by name but instead advised its participants that in general it applies broadly to any other sales or bonus plan.

So what bonus and incentive plans were made available to Monahan? The answer was simple; Fiserv recognized the valuable contributions made by Monahan and chose to reward him

4

with a bonus beyond his salary by awarding him restricted stock and at the same time imposing non-compete provisions to have a hold on him for the future. These restricted stock agreements also served as an incentive to Monahan to do a good job since he had to remain for a number of years with Fiserv in order to fully vest under the bonus and incentive plan. As a bonus and incentive plan, by the express language of Exhibit "H", they were incorporated into the General terms of the Sales and Bonus Compensation Plan, dated August 11, 2011, and amended August 23, 2011.

Fiserv may argue that this was not their intent, but they held the power of the keyboard and could have specifically excluded the Restricted Stock Agreements. They chose not to exclude these plans. Fiserv may also argue that they never intended to give up the right to go to court to enforce the non-compete agreements but they did give up this right specifically in the Sales and Bonus Compensation Plan, dated August 11, 2011, and amended August 23, 2011 as discussed above. Fiserv may raise many more arguments but they granted the authority to the arbitrator to take the place of a court and granted to the arbitrator all of the powers of a court. Fiserv can raise all of its arguments as to why the Restricted Stock Agreements are not covered by the arbitration provisions of Paragraph 23 of the Sales and Bonus Compensation Plan, dated August 11, 2011, and amended August 23, 2011. The arbitrator can evaluate the arguments of both sides. In fact, Fiserv wrote the arbitrators authority to hear summary judgment issues. Presumably, if Fiserv wishes to claim that the Restricted Stock Agreements are not covered by the Sales and Bonus Compensation Plan, dated August 11, 2011, and amended August 23, 2011, the arbitrator can make that determination at an early stage. The bottom line, however, is that the arbitrator should decide the scope of coverage.

WHEREFORE Defendant requests this Honorable Court compel arbitration and stay this proceeding.

                Respectfully Submitted,

**VAN SUILICHEM & ASSOCIATES, P.C.**

By:  s/Donald A. Van Suilichem
     **Donald A. Van Suilichem (P25632)**
**and Kelly A. Van Suilichem (P69902)**
Attorneys for Defendant
40900 Woodward Avenue, Suite 105
Bloomfield Hills, Michigan  48304
Telephone:  (248) 644-2132
Fax:  (248) 644-3963
dvslawyer@dvsemploymentlaw.com

Dated:  December 21, 2012        kelly.van@kvslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **DYKEMA GOSSETT PLLC**, **Patrick F. Hickey (P36648),** phickey@dykema.com, and **Lauren M. Phillips (P74102),** 400 Renaissance Center, Detroit, MI 48243 and **BRYAN CAVE LLP**, **Charles B. Jellinek**, cbjellinek@bryancave.com, **Kimberly A. Mohr**, Kimberly.mohr@bryancave.com, and **Laura J. Spencer**, Laura.spencer@bryancave.com, One Metropolitan Square, 211 North Broadway, Suite 3600, St. Louis, Missouri 63102-2750, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: n/a.

                s/Kelly Van Suilichem
                **Kelly Van Suilichem**
                Van Suilichem & Associates, P.C.
                40900 Woodward Avenue, Suite 105
                Bloomfield Hills, MI  48304
                Tel.: (248) 644-2419
                kelly.van@kvslaw.com