UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FISERV, INC.,

    Plaintiff,

v.

TERRENCE MONAHAN,

    Defendant.

                                                  /

Case No. 12-15455

HONORABLE STEPHEN J. MURPHY, III

**ORDER FOR SUPPLEMENTAL BRIEFS
REGARDING MOTION TO COMPEL ARBITRATION (docket no. 12)**

    This an action for breach of contract brought by Fiserv against its former employee, Terrence Monahan. Fiserv brings five claims, each alleging breach of five different agreements between Fiserv and Monahan. The matter before the Court is Monahan's motion to compel arbitration. ECF No. 12. To assist with prompt resolution of the motion, this order will request the provision of additional information from the parties.

    First, the arbitration clause at issue is contained within a 2011 document entitled General Terms & Conditions Applicable to Global Sales and Bonus Compensation Plans ("2011 Agreement"). ECF No. 1-9. Monahan signed the 2011 Agreement in August of 2011. At ¶ 22, the 2011 Agreement states "Participant has been offered the opportunity to participate in either of two Plans," and has elected to participate "in a Plan which includes the opportunity to earn incentive compensation in the form of cash and equity." From the Court's review of the record, the "Plan" mentioned appears to be the 2007 Omnibus Incentive Plan referred to in the header of several of the stock agreements at issue. In any event, the 2011 Agreement purports to set forth the "General Terms" applicable to the Plan. Accordingly, the Court finds that further information from the parties about the Plan referred to in the 2011 Agreement would be helpful.

In addition, if reasonably available within the time set forth below, the parties are directed to cooperate to submit to the Court a copy of the Plan. If the Plan is not memorialized in a manner that can be submitted to the Court, the parties should cooperate to submit the "business unit-specific document that details [Monahan's] specific Plan components." 2011 Agreement ¶ 3. If the parties can, by agreement, they must limit the pages submitted of either document to only those that are relevant to the Court's understanding of the nature of the document, or relevant to the dispute. If the documents are not reasonably available by the due date set forth below, briefing will suffice.

Second, the 2011 Agreement states that its terms "are effective for the plan year starting January 1, 2011 and ending December 31, 2011 (the "Sales Year"). These General Terms are binding and supersede any and all other prior plans or terms in respect of the Sales Year." 2011 Agreement ¶ 1. This language appears to preclude application of the arbitration clause either to (1) disputes arising outside the 2011 Sales Year; or (2) breaches of agreements entered into outside the 2011 Sales Year. In either case, the language would preclude application of the clause to this dispute. But to avoid reaching a conclusion hastily, the Court requests further briefing from the parties on the scope of the clause, ¶ 1 of the 2011 Agreement, and how it relates to the motion to compel arbitration.

**WHEREFORE** it is hereby **ORDERED** that each party shall file within seven days of service of this order a supplemental brief on the motion to compel (docket no. 12) as described above. The briefs shall not exceed four pages. The supplemental exhibits requested herein, if reasonably available, shall also be filed within the seven-day deadline.

**SO ORDERED**.

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: February 7, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 7, 2013, by electronic and/or ordinary mail.

                              s/Marcia Beauchemin
                              Case Manager