IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| FISERV, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 12-CV-15455 |
| | ) | |
| TERRENCE MONAHAN, | ) | Hon. Stephen J. Murphy, III |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING MOTION TO COMPEL ARBITRATION

On February 7, 2013, this Court ordered the parties to submit supplemental briefing regarding 1) the "Plan" referred to in the "General Terms & Conditions Applicable to Global Sales Organization's Sale and Bonus Compensation Plans [For Sales Equity Program Participants]" (the "2011 GSO Sales Equity Agreement"); and 2) the scope of § 1 of the 2011 GSO Sales Equity Agreement. (See Order, pp. 1-2). The Court also requested the parties submit the "business unit-specific document that details [Monahan's] specific Plan components." (See Order, p. 2 (quoting 2011 GSO Sales Equity Agreement, ¶ 3)).

Pursuant to this Court's Order, Plaintiff Fiserv, Inc. ("Fiserv") submits the following Supplemental Brief Regarding Motion to Compel Arbitration.

**A.     The "Plan" Referred to in the 2011 GSO Sales Equity Agreement.**

Section 22 of the 2011 GSO Sales Equity Agreement states:  "Participant has been offered the opportunity to participate in either of two Plans and has elected, in consideration for his or her participation in a Plan which includes the opportunity to earn incentive compensation in the form of cash and equity, to be bound by the covenants of this section 22" (See GSO Sales Equity Agreement, § 22, attached as Exhibit H to the Verified Complaint for Injunctive and Other Relief ("Verified Complaint"), Doc. No. 1-9). The Court stated in its February 7 Order

that "the 'Plan' mentioned appears to be the 2007 Omnibus Incentive Plan," but found that "further information from the parties about the Plan referred to in the 2011 [GSO Sales Equity] Agreement would be useful." (See Order, p. 1). Fiserv appreciates the opportunity to clarify this point for the Court.

The "Plan" in which Monahan elected to participate, "which include[d] the opportunity to earn incentive compensation in the form of cash and equity" and is referred to in § 22 of his 2011 GSO Sales Equity Agreement, **is not** the 2007 Omnibus Incentive Plan. It is the 2011 GSO Sales Equity Agreement and 2011 Banking Sales Division/GSO Compensation Plan for Sales Executives (the "2011 BSO/GSO Sales Compensation Plan"), which is the "business unit-specific document that details [Monahan's] specific Plan components." (See Affidavit of Lynn Myrick ("Myrick Aff."), ¶ 3, attached hereto as Exhibit A). The 2011 Sales Equity Agreement expressly applies to "Sales Equity Program participants." (See 2011 GSO Sales Equity Agreement, p. 1). It sets forth the general terms and conditions applicable to the Global Sales Organization's ("GSO") sales and bonus compensation plans, and also includes the non-competition provision set forth in § 22. If Monahan had elected to participate in the non-equity plan, he would have signed a document that contained the general terms and conditions applicable to the GSO's sales and bonus compensation plans, but did not include a noncompetition provision. (See Myrick Aff ¶ 4). He did not make that election.

The 2011 GSO Sales Equity Agreement was, as set forth in § 1 of the 2011 Sales Equity Agreement, implemented by the Global Sales Organization ("GSO"). (See Myrick Affidavit., ¶ 5). The GSO is an operating unit of Fiserv, which serves as the channel for Fiserv's sales functions. (See id.). By contrast, Fiserv's 2007 Omnibus Incentive Plan was implemented by Fiserv and applied to any recipient of equity within Fiserv (not just associates within the GSO). (See id.). It was not a "sales or bonus compensation plan implemented by the [GSO]" under § 1

2

of the 2011 GSO Sales Equity Agreement, and is not covered by the 2011 GSO Sales Equity Agreement arbitration provision. In fact, the 2007 Omnibus Incentive Plan specifically provides that "[a]ny legal action or proceeding with respect to this Plan . . . may only be heard in a 'bench' trial, and any party to such action or proceeding shall agree to waive its right to a jury trial." (See 2007 Omnibus Incentive Plan, § 18(f), Exhibit 2 to Myrick Aff.). Similarly, Monahan's 2010, 2011 and 2012 Employee Restricted Stock Award Agreements (the "Stock Agreements") expressly provide that Fiserv "shall institute and prosecute proceedings in any Court of competent jurisdiction either in law or in equity to obtain damages for any breach" of the noncompetition provisions of the Agreements, or to "enjoin [Monahan] from performing services in breach" of the noncompetition provisions. (See 2010 Stock Agreement, § 3(d), Exhibit C to the Verified Complaint, Doc. No. 1-4; 2011 Stock Agreement, § 3(d), Exhibit E to the Verified Complaint, Doc. No. 1-6; 2012 Stock Agreement, § 4(d), Exhibit G to the Verified Complaint, Doc. No. 1-8).

**B.     The Scope of Section 1 of the 2011 Sales Equity Agreement.**

Section 1 of the 2011 GSO Sales Equity Agreement provides that its terms are "effective for the plan year starting January 1, 2011 and ending December 31, 2011 (the 'Sales Year')" and are "binding and supersede any and all other prior plans or terms *in respect of the Sales Year*." (See 2011 GSO Sales Equity Agreement, § 1 (emphasis added)). As this Court correctly noted in its February 7 Order, this language precludes application of the arbitration provision of the 2011 GSO Sales Equity Agreement to this dispute. (See Order, p. 2). In his 2008, 2010 and 2011 Stock Agreements, Monahan received equity for performance during the 2007, 2009 and 2010 sales years, respectively. (See Myrick Aff., ¶ 6). The only Agreement by which Monahan was awarded equity for performance during the 2011 sales year was the 2012 Employee Restricted Stock Unit Agreement (the "2012 Stock Agreement"), which expressly provides that

3

"[t]his Agreement, the Award Memorandum, the [2007 Omnibus Incentive] Plan, and the Restricted Stock Unit Deferral Election Form, if any, contain the entire agreement between the Company and you relating to the Award and the Shares and *supersede all prior agreements or understandings relating thereto*," and that Fiserv's claims for injunctive relief and breach of the noncompetition provisions of the Agreement shall be resolved by a Court of law.  (See 2012 Stock Agreement, §§ 4(d), 15(b)) (emphasis added); Myrick Aff., ¶ 6).  Thus, even if Monahan's Stock Agreements could be considered "Plans" under § 1 of the 2011 GSO Sales Equity Agreement (they cannot), the arbitration provision of the 2011 GSO Sales Equity Agreement does not apply to Fiserv's claims under the Stock Agreements.

## CONCLUSION

For the above reasons, and those set forth in Fiserv's Opposition to Monahan's Motion to Compel Arbitration and Stay Proceedings, Monahan's Motion should be denied in its entirety.

**DYKEMA GOSSETT PLLC**

By: */s/ Lauren M. Phillips*_____
 Patrick F. Hickey (P36648)
 Lauren M. Phillips (P74102)
 400 Renaissance Center
 Detroit, MI 48243
 (313) 568-6800
 phickey@dykema.com
 lmphillips@dykema.com

**Of Counsel:**

**BRYAN CAVE LLP**

 Charles B. Jellinek
 Kimberly A. Mohr
 Laura J. Spencer
 One Metropolitan Square
 211 North Broadway, Suite 3600
 St. Louis, Missouri 63102-2750
 cbjellinek@bryancave.com
 kimberly.mohr@bryancave.com
 laura.spencer@bryancave.com
 Telephone: (314) 259-2000
 Facsimile: (314) 259-2020

ATTORNEYS FOR PLAINTIFF
FISERV, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notice to all attorneys of record.

**DYKEMA GOSSETT PLLC**


By: /s/ Lauren M. Phillips
    Patrick F. Hickey (P36648)
    Lauren M. Phillips (P74102)
    400 Renaissance Center
    Detroit, MI 48243
    (313) 568-6800
    phickey@dykema.com
    lmphillips@dykema.com